# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Juan Vasquez et al.,**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No. 13-2623-JWL

**James T. Yoakum;**
**Andrea Rolfingsmeier; and**
**Jennifer Vandonsel-Santoyo,**

    **Defendants.**

## **MEMORANDUM & ORDER**

Plaintiffs filed this lawsuit against defendants James T. Yoakum and Andrea Rolfingsmeier asserting violations of the Fair Debt Collection Practices Act arising out of defendants' efforts to collect a debt on behalf of defendant Jennifer Vandonsel-Santoyo. Plaintiffs have also asserted state law claims of malicious prosecution and abuse of process against all defendants. This matter is presently before the court on plaintiffs' motion for default judgment (doc. 17) and for a hearing under Federal Rule of Civil Procedure 55(b)(2). The motion is denied.

Federal Rule of Civil Procedure 55 envisions a two-step process for obtaining a default judgment. "First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket. Fed. R. Civ. P. 55(a). Second, following an entry of default by the clerk, 'the party entitled to a judgment by default shall apply to the court therefor.' Fed. R. Civ. P. 55(b)(2)." *Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at

*1 (10th Cir. June 20, 1995). Because no entry of default has been requested or entered under Rule 55(a), the court must deny the motion. *Lewis v. Wyandotte/Leavenworth Area on Aging*, 2010 WL 2735563, at *3 (D. Kan. July 9, 2010).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion for default judgment (doc. 17) is denied without prejudice to refiling upon the clerk's entry of default.

**IT IS SO ORDERED.**

Dated this 14th day of April, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge